IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BAILEY, | ) |
| | ) Civil Action No. 09 - 750 |
| Plaintiff, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| EDWARD RENDELL; THOMAS J. RIDGE; | ) |
| THOMAS CORBETT JR.; STEVEN ZAPPALA; | ) |
| JEFFREY P. MANNING; STATE SENATE; | ) |
| STATE HOUSE OF REPRESENTATIVES | ) |
| | ) |
| Defendants. | ) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that this Court's Order granting the Plaintiff's motion to proceed in forma pauperis (doc. no. 2) be vacated, that the Plaintiff's motion to proceed in forma pauperis be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for the Plaintiff's failure to pay the filing fee, with the right of the Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

II.  REPORT

On June 11, 2009, Plaintiff, Demetrius Bailey, a prisoner presently confined at the State Correctional Institution at Fayette, Pennsylvania, commenced the present action. On June 17, 2009, this Court granted the Plaintiff's Motion to Proceed In Forma Pauperis (IFP) in the current action (doc. no. 2). Subsequently, this Court discovered that the Plaintiff has had at least three prior actions dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. Consequently, this Court is required to review the Plaintiff's action under the directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act

(PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[1]  Court records indicate that the Plaintiff has had three prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in Bailey v. Price., Civil Action No. 99-470 (W.D. Pa.), Plaintiff's action was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 by Order December 22, 1999.  In Bailey v. Crisanti, Civil Action No. 00-1310 (W.D. Pa.), Plaintiff's action was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 by Order

---

[1]The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g).  See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

November 22, 2000. Plaintiff appealed this Order and the Court of Appeals for the Third Circuit dismissed the appeal under 28 U.S.C. § 1915(e)(2)(B) by Order dated December 11, 2001 in Civil Action No. 00-4334.[2]

Although the Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, the Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fails to indicate any imminent danger of physical

---

[2] A court of appeals' dismissal of an appeal as frivolous or for failure to state a claim counts as a strike pursuant to 28 U.S.C. § 1915(g). *See, e.g.*, Royal v. Young, 97 Fed. Appx. 66, 2004 WL 1088497 (8th Cir. May 17, 2004); Ortiz v. McBride, 380 F.3d 649 (2d Cir. 2004); Thompson v. Gibson, 289 F.3d 1218 (10th Cir. 2002); Glick v. Romer, 210 F.3d 389, 2000 WL 328127(10th Cir. March 29, 2000) (counting both dismissals by District Court and Circuit Court as strikes).

injury caused by the Defendants' alleged misconduct when the action was filed. Accordingly, the Plaintiff's motion to proceed IFP should not have been granted under the three strikes rule in 28 U.S.C. § 1915(g).

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that this Court's Order granting the Plaintiff's motion to proceed in forma pauperis (doc. no. 2) be vacated and that the Plaintiff's motion to proceed in forma pauperis be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: October 26, 2009

                                                  Lisa Pupo Lenihan
                                                  United States Magistrate Judge

cc:     Demetrius Bailey
          CP - 7819
          S.C.I. Fayette
          P.O. Box 9999
          LaBelle, PA 15450